CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED
10/30/2026
LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| ECO CLADDING, INC., Plaintiff, | ) | Civil Action No. 5:25-cv-00068 |
| | ) | MEMORANDUM OPINION & ORDER |
| v. | ) | By: Joel C. Hoppe, United States Magistrate Judge |
| HOHMANN & BARNARD, INC., Defendant. | ) | |

This matter is before the Court on Plaintiff's motion to file a first amended complaint pursuant to Rules 15(a)(2) and 16(b)(4) of the Federal Rules of Civil Procedure. Pl.'s Mot., ECF No. 51. The proposed amended complaint seeks to reassert fraud and contract claims previously dismissed without prejudice by the presiding District Judge and includes a new alternative claim for unjust enrichment, all of which are supported by new factual allegations. *See* Pl.'s Mot. Ex. 2, Prop. Am. Compl., ECF No. 51-2; *see also* Order of Feb. 6, 2026 (dismissing Counts II–IV without prejudice), ECF No. 26. Plaintiff's motion is fully briefed, ECF Nos. 52, 54, 55, and can be resolved without a hearing. For the reasons set forth herein, Plaintiff's motion is granted.

## I. Summary

Plaintiff asserts that good cause exists to amend the complaint now, notwithstanding the November 17, 2025, deadline to request such amendments set by the Scheduling Order, ECF No. 19, because the factual information supporting its amendments was revealed to Plaintiff in Defendant's July 2026 document production. Plaintiff further contends that Defendant will not be prejudiced by the amendment because discovery will not close until February 2027 and any additional discovery would focus on information that was already within Defendant's possession. *See* Pl.'s Br. 4–7, ECF No. 52. Defendant raises three primary arguments in opposition: (i) the motion is untimely under the Scheduling Order; (ii) Plaintiff cannot establish good cause for the

amendments, which contain information that was available to Plaintiff prior to the November 2025 amendment deadline; and (iii) Defendant would be prejudiced by the proposed amendments, which Defendant asserts materially change the factual narratives and legal theories of the case. *See* Def.'s Br. in Opp'n 4–13, ECF No. 54.

I agree with Plaintiff that good cause exists under Rule 16(b)(4) and that there is no basis to deny leave to amend under Rule 15(a)(2).

## II. Background

This action was removed from the Circuit Court for the City of Winchester, Virginia to this District on July 11, 2025. Notice of Removal, ECF No. 1. Defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on August 18, 2025, which was fully briefed on September 8, 2025. *See* ECF Nos. 14–16. On February 6, 2026, the District Judge granted in part Defendant's motion, dismissing without prejudice Counts II (Breach of Supply Agreement), III (Conversion), and IV (Fraud in the Inducement). *See* Feb. 6, 2026 Mem. Op., ECF No. 25.

The District Judge entered the Scheduling Order on October 2, 2025. Sched. Order, ECF No. 19. Paragraph 24 provides that, "[e]xcept for good cause shown, any motion to amend the pleadings or join additional parties must be filed no later than **<u>45</u>** days from the date of this order," *i.e.*, by November 17, 2025. *Id.* ¶ 24; *see also* Fed. R. Civ. P. 16(b)(3)(A) (scheduling order "must limit the time to … amend the pleadings"). This means that the parties had through November 17, 2025, to file a motion under Rule 15(a)(2), after which the moving party must show "good cause" to amend. *See* ECF No. 19 at ¶ 24; *see also Faulconer v. Centra Health, Inc.*, 808 F. App'x 148, 152–53 (4th Cir. 2020) (citing *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008)). Plaintiff filed the present motion on July 31, 2026. ECF No. 51.

III. The Legal Framework

Rule 16(b)(4) states that a scheduling order "may be modified only for good cause…." Fed. R. Civ. P. 16(b)(4). To establish good cause, the party seeking relief must "show that the deadlines cannot reasonably be met despite the party's diligence." *Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012); *see also Eichin v. Ethicon End-Surgery, LLC*, 173 F.4th 124, 127 (4th Cir. 2026) (good cause "depends on the diligence of the party seeking amendment"). Courts "must examine whether the movant had been diligent, though unsuccessful, in attempting to acquire the information that would have formed the basis of a timely motion to amend." *Cook*, 484 F. App'x at 818–19 (emphasis omitted). In assessing the moving party's diligence, the "focus is appropriately and necessarily on the movant's overall conduct of the case, and in particular what action led to missing the scheduling order's deadline." *Id.* at 819; *see also Montgomery v. Anne Arundel Cnty.*, 182 F. App'x 156, 162 (4th Cir. 2006) ("Rule 16(b)'s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party."); *RLI Ins. Co. v. Nexus Servs., Inc.*, No. 5:18cv66, 2019 WL 1880148, at *2 (W.D. Va. Apr. 26, 2019) (courts may also consider "whether the moving party acted in good faith, the length of the delay and its effects, and whether the delay will prejudice the non-moving party").

If the movant satisfies Rule 16(b)(4)'s good cause requirement, the next step is to determine whether leave to amend should be granted under Rule 15(a)(2). *See Nourison Rug Corp.*, 535 F.3d at 298–99. Under Rule 15(a)(2), the court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave should be denied "only when 'the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Moon v. BMX Techs., Inc.*, 956 F. Supp. 2d

711, 714 (W.D. Va. 2013) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)), *aff'd and remanded*, 577 F. App'x 224 (4th Cir. 2014). "Prejudice is the weightiest factor, [and] the absence thereof, 'though not alone determinative, will normally warrant granting leave to amend.'" *Oliver v. Dep't of Pub. Safety & Corr. Servs.*, 350 F. Supp. 3d 340, 346 (D. Md. 2018) (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)), *aff'd sub nom. Oliver v. Bartholomew*, 785 F. App'x 166 (4th Cir. 2019). "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (en banc). A paradigmatic example of a prejudicial amendment is one that both "raises a new legal theory that would require the gathering and analysis of facts not already considered" by the non-movant *and* "is offered shortly before or during trial." *Id.*

## IV. Discussion

### *A. Plaintiff Satisfies Rule 16(b)(4)'s Good Cause Requirement*

Plaintiff has carried its burden to establish that the motion to amend could not have been brought by the November 17, 2025 deadline set forth in the Scheduling Order.

To begin with, the proposed amendments principally rely upon information provided by Defendant that was not available to Plaintiff until after the Scheduling Order's deadline passed. Plaintiff served its initial document requests and interrogatories in November 2025 and served a second round of document requests in February 2026. ECF No. 52 at 2. After making a production of 475 documents on April 11, 2026, Defendant made a production of 7,100 documents on July 9, 2026. *Id.* These productions contained communications within Defendant's organization and between Defendant and third parties that form the crux of Plaintiff's proposed amendments.

Defendant contends otherwise, arguing that the information underlying the proposed amendments was within Plaintiff's possession or control before the amendment deadline. ECF No. 54 at 6–7. To be sure, some of the proposed amendments involve information that appears to have been available to Plaintiff before Defendant's April and July 2026 document productions, including, *e.g.*, communications between the parties' representatives. *See* ECF No. 51-2 ¶¶ 43–49. Defendant, however, ignores that the allegations at the heart of the proposed amendments concern Defendant's purported scheme to secretly compete against Plaintiff using its confidential information, allegations which are largely predicated on information that was within Defendant's control. *See, e.g.*, *id.* ¶¶ 26–31, ¶¶ 36–38, ¶¶ 64–67.[1] Certainly Plaintiff possessed its own technical information that it provided Defendant, but Plaintiff did not know the extent of Defendant's allegedly improper use of that information, nor could Plaintiff appreciate that Defendant's statements about their business partnership allegedly were designed to deceive Plaintiff. *See, e.g.*, *id.* ¶ 42 ("While H&B was secretly pursuing its own ECO-derived product, H&B repeatedly represented to ECO that the parties were partners and that H&B would not compete with ECO."). This new information that underpins Plaintiff's amendments satisfies Rule 16(b)'s good cause standard. *Clark v. Quesinberry*, No. 7:20cv57, 2021 WL 5238599, at *2 (W.D. Va. Apr. 26, 2021) ("[W]here *at least some of the evidence* needed for a plaintiff to prove his or her claim did not come to light until after the amendment deadline, a plaintiff has good

[1] Defendant contends that *Eichin v. Ethicon*, 173 F.4th 124 (4th Cir. 2026), compels a finding that no good cause exists because, among other reasons, the plaintiff "relied on his own account of when he learned the relevant fact" supporting amendment. *See* Def.'s Br. in Opp'n 5. *Eichin* is readily distinguishable in this regard, as the plaintiff there represented to the district court that he learned of the relevant fact approximately four months *before* the operative deadline he sought to extend. 173 F.4th at 127–28. Defendant does not dispute that it did not begin producing documents, on which Plaintiff's proposed amended complaint relies, until April 2026, several months *after* the deadline to request leave to amend.

cause for moving to amend at a later date.") (internal quotation marks omitted) (emphasis added).

Defendant also challenges the basis for Plaintiff's inclusion of a claim for unjust enrichment in the proposed amended complaint. Plaintiff did not assert a claim for unjust enrichment in its original Complaint, and Plaintiff does not link Defendant's discovery production in April and July 2026 to this claim. Nevertheless, Plaintiff's motion for leave to amend shows good cause, as discussed above. That one claim in the proposed amended complaint could have been, but was not, brought in the original complaint, does not negate Plaintiff's showing of good cause. Defendant's primary authority, *Airfacts, Inc. v. Amezaga*, No. 8:15cv1489, 2016 WL 4089568, at *4 (D. Md. Aug. 2, 2016), is distinguishable. The plaintiff in *Airfacts* did not even argue that it met the good cause standard, and the court found that the plaintiff had not shown that its proposed amendment relied on new facts discovered after the deadline to amend had passed. Here, Plaintiff has established that "at least some of the evidence" relied upon was revealed after the amendment deadline as a result of Defendant's July 2026 document production. This showing satisfies Rule 16(b)'s burden. *See Clark*, 2021 WL 5238599, at *2; *see also* ECF No. 51-2 ¶ 134.

Defendant also faults Plaintiff for not moving to compel discovery, claiming that its failure to do so indicates a lack of diligence in seeking the information it now relies upon for amendment. *See* ECF No. 54 at 5, 8, 10. This argument is unpersuasive. Both sides' submissions on the motion demonstrate that the parties appropriately worked towards resolving their discovery dispute without the need for the Court's involvement. *See* Sched. Order Addendum, ECF No. 20 ("Before filing a contested discovery motion [the requesting party must certify that the party] has in good faith conferred or attempted to confer with the other affected parties in an

effort to resolve the dispute without court action."). Further, while the parties were working through their dispute regarding Defendant's production of documents, the parties also were working through a dispute regarding the contents of a protective order. As Plaintiff notes—and Defendant does not contest—Defendant requested that a protective order be entered before producing documents. ECF No. 52 at 2. The parties sought resolution of the protective order dispute by the Court, and after the protective order was entered on March 6, 2026, ECF No. 35, Defendant began its productions.

Defendant attempts to have it both ways with respect to the discovery timeline. On the one hand, Defendant asserts that Plaintiff was not diligent in pursuing discovery under Rule 16(b) because it did not move to compel production of documents prior to filing the present motion. On the other hand, in arguing that it was not dilatory in making its primary production on July 9, 2026, Defendant states that the "breadth of ECO's requests required collection, review, and production from multiple custodians and categories, a process addressed during the parties' meet-and-confers." ECF No. 54 at 9. Rather than supporting its position, Defendant's own characterization of the discovery process underscores that Plaintiff acted reasonably and diligently in how it sought the information underlying the proposed amendments. *See Clark*, 2021 WL 5238599, at *3 ("[W]aiting until late in the discovery period before seeking amendment does not indicate a lack of diligence.").[2] Parties must be diligent in seeking

---

[2] Nor am I persuaded by Defendant's argument that Plaintiff was not diligent in seeking third-party discovery. *See* ECF No. 54 at 10–11. To begin with, Defendant has not supported its claim that large swaths of the proposed amended complaint "rest on third-party discovery," *id.* at 10, as opposed to those allegations merely involving communications between Defendant and third parties that were produced by Defendant (particularly in light of Plaintiff's uncontested representation that Pivoth Corp. has not produced any documents). *See* ECF No. 52 at 3 n.1. In any event, Defendant's discovery obligations exist without regard to the discovery sought from third parties, *see, e.g.*, Fed. R. Civ. P. 26(b)(1), and I will not second-guess Plaintiff's decision to first seek party discovery. *See* ECF No. 52 at 3 n.1 (stating that certain documents involving Defendant were produced by third party RHD Building Science, Inc. that were not produced by Defendant).

responses to their discovery requests, but that does not mean they should file a discovery dispute before it is ripe for court involvement. Under the circumstances, the fact that Plaintiff did not move to compel prior to bringing the present motion does not indicate a lack of diligence.

Lastly, Defendant's claim that the proposed amendments merely reflect a "post-ruling decision to revise [Plaintiff's] pleading strategy" without identification of any "newly discovered fact, intervening event, or other circumstance that prevented" Plaintiff from timely moving, ECF No. 54 at 4–5, is unpersuasive. As discussed above, this argument misstates the nature of the proposed amendments. Defendant's authority is therefore distinguishable. *See id.*

*B. Leave To Amend Is Proper Under Rule 15(a)(2)*

Having concluded that Plaintiff has met the good cause requirement under Rule 16(b)(4), the next inquiry is whether Plaintiff has met Rule 15(a)(2)'s permissive standard for granting leave to amend. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). As mentioned above, leave to amend may be denied *only* where (i) the amendment would be prejudicial to the non-moving party; (ii) the moving party has acted in bad faith; or (iii) the amendment would be futile. *Moon*, 956 F. Supp. 2d at 714. In its opposition, Defendant did not argue futility or bad faith. Accordingly, I address only whether amendment would be prejudicial to Defendant. I conclude that no prejudice would result from granting leave to amend.

Defendant contends that it would be prejudiced because the proposed amendments would require it to "undertake further document discovery, fact development, and expert analysis after the parties have already litigated the adequacy of ECO's original pleading." ECF No. 54 at 12. Defendant further argues that the proposed amendments represent a "wholesale shift in the theory of the case" that involves a "materially different factual narrative" and "restructure[d]" causes of action, *i.e.*, by (i) removing the previously dismissed conversion claim; (ii) splitting the

single fraud claim regarding the NDA and the Supply Agreement into separate counts for each contract; and (iii) adding an unjust enrichment claim. *Id.* at 12–13. I disagree.

Contrary to Defendant's assertions, as Plaintiff states, the "proposed amendment concerns the same brackets, timeline, course of conduct, alleged injuries, and transactions identified in the original Complaint" of which Defendant has been "on notice … since this action began." ECF No. 52 at 5; *see also Clark*, 2021 WL 5238599, at *3 (finding no prejudice where the "new claim relates to the same set of facts as the original claims"). Defendant's arguments regarding the "restructuring" of the causes of action are also unpersuasive. First, it is hard to see how Defendant is harmed by Plaintiff's decision to remove its conversion claim, which the District Judge had dismissed without prejudice. Not repleading the conversion claim narrowed the disputes between the parties. Second, Defendant does not articulate *how* Plaintiff's choice to structure the fraud claims as two causes of action, rather than one, causes prejudice to Defendant. Third, Defendant's assertion that the unjust enrichment claim prejudicially expands the scope of this case is both conclusory and undercut by Defendant's other argument that the unjust enrichment claim is predicated entirely upon allegations already included in the initial complaint. *Id.* at 11–12. Defendant's primary argument is that it would be prejudiced by having to undertake additional discovery. S*ee* ECF No. 54 at 12. However, Defendant's conclusory assertion, unsupported by any detailed discussion of how the amended complaint prejudicially expands its discovery obligations, is insufficient.

Lastly, discovery in this case does not close until February 10, 2027. Order of Apr. 17, 2026, ECF No. 48. There is still ample time for the parties to pursue any necessary discovery concerning the new allegations in the amended complaint.

V. Conclusion

Plaintiff has shown good cause under Rule 16(b)(4) to excuse its untimely motion for leave to amend, and permitting leave to amend is proper under Rule 15(a)(2). Accordingly, Plaintiff's motion for leave to file a first amended complaint is hereby **GRANTED**.

The Clerk is DIRECTED to file the proposed amended complaint, ECF No. 51-1, as Plaintiff's Amended Complaint. Defendant shall respond to the Amended Complaint within the time allowed under Rule 15(a)(3).

It is so ORDERED.

ENTER: October 30, 2026



Joel C. Hoppe
U.S. Magistrate Judge